

FILED
APR 0 8 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE NUNEZ-DUENAS,<br><br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No.: 16-cv-1589-BEN<br>　　　　　04-cr-2303-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255** |

　　Movant Jorge Nunez-Duenas filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States opposes the motion. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

　　In 2004, Nunez-Duenas was charged with the crime of illegal entry into the United States. He pleaded guilty and was sentenced. The sentence was 48 months in prison in January 2005. As part of his plea agreement and during the sentencing, Nunez-Duenas waived his right to appeal or collaterally attack his sentence. In June 2016, he filed the instant motion for collateral relief under § 2255.

　　Under § 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court

1

16-cv-1589-BEN
04-cr-2303-BEN

without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. Title 28 U.S.C. § 2255.

## DISCUSSION

The motion fails on several grounds. *First*, Movant validly waived his right to collaterally attack his sentence. The record discloses no issues as to the voluntariness of the plea and waiver. *Second*, under § 2255(f), the motion is untimely as it was filed more than twelve months after his conviction became final. Here, the motion is untimely and is barred by the statute of limitations. *Third*, contrary to his contentions, Movant's sentence was not unconstitutionally enhanced under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered language in the Armed Career Criminal Act ("ACCA"). The Supreme Court examined the definition of "violent felony" and held that a portion of that definition known as the "residual clause" is void for vagueness. However, Movant was not sentenced under the residual clause of the violent felony definition of the ACCA. Rather, he was sentenced pursuant to 18 U.S.C. § 3553 as guided by the U.S. Sentencing Guidelines § 2L1.2(b). Reading the motion liberally, when it was still an open question, Movant challenged the U.S. Sentencing Guidelines as unconstitutionally vague based on the same reasoning as *Johnson*. However, since the motion was filed, the Supreme Court has rejected the argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the federal Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause.

Therefore, the motion is denied because: (1) Movant validly waived his right to collateral attack; (2) the motion is barred by the statute of limitations; and (3) the motion is without merit.

## CONCLUSION

The Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues

2

presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: 4/08/2019

**HON. ROGER T. BENITEZ**
United States District Court Judge